Fill in this information to identify the case:

United States Bankruptcy Court for the:

Northern District of Texas

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Pivotal Med Supply, LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  92-0264741

4. **Debtor's address**

   **Principal place of business**
   2010 E. Continental Blvd. Suite F
   Number       Street

   Southlake       TX     76092
   City            State  ZIP Code

   Tarrant County
   County

   **Mailing address, if different from principal place of business**
   _____
   Number       Street

   _____
   P.O. Box

   _____
   City            State  ZIP Code

   **Location of principal assets, if different from principal place of business**
   _____
   Number       Street

   _____
   City            State  ZIP Code

5. **Debtor's website** (URL)  https://pivotalmedsupply.com/

6. **Type of debtor**
   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 1

Debtor   **Pivotal Med Supply, LLC**_____   Case number *(if known)*_____
         Name

---

**7. Describe debtor's business**

A. *Check one:*
☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply:*
☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .
   4461

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check **all** that apply*:

☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No
☐ Yes.  District _____  When _____  Case number _____
                                  MM / DD / YYYY
          District _____  When _____  Case number _____
                                  MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No
☐ Yes.  Debtor _____  Relationship _____
         District _____  When _____
                                                  MM / DD / YYYY
         Case number, if known _____

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **2**

Debtor  **Pivotal Med Supply, LLC**    Case number *(if known)*_____
_____Name_____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____

_____    _____    _____
City    State    ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49          ☐ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000     ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☑ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **3**

| Debtor | Pivotal Med Supply, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/23/2025
MM / DD / YYYY

✗ /s/ Noah Seitel          Noah Seitel
Signature of authorized representative of debtor        Printed name

Title  President        1/23/2025

Signed by: Greg Sue  1/23/2025

**18. Signature of attorney**

✗ /s/ Richard Grant        Date  01/23/2025
Signature of attorney for debtor         MM / DD / YYYY

Richard Grant
Printed name

CULHANE, PLLC
Firm name

13101 Preston Road, Suite 110-1510
Number    Street

Dallas                TX        75240
City                 State     ZIP Code

214-210-2929              rgrant@cm.law
Contact phone             Email address

08302650                  TX
Bar number                State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

**PIVOTAL MED SUPPLY, LLC, A TEXAS LIMITED LIABILITY RESOLUTIONS**

**JANUARY 23, 2025**

**SECRETARY'S CERTIFICATE OF
RESOLUTION AUTHORIZING CHAPTER 11**

The undersigned hereby certifies that the following resolutions were adopted by unanimous consent of the managers and members (the "Governing Body") of Pivotal Med Supply, LLC, a Texas limited liability company (the "Company") at a meeting duly noticed, called and held, with all directors present for the quorum, on January 23, 2025 and by unanimous written consent pursuant to the bylaws or similar document (in the case as amended or amended and restated to date) of the Company and the laws of the state of Texas:

**WHEREAS**, the Governing Body has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider the of the strategic alternatives available to the Companies and has determined, in the judgment of the Governing Body, that the following resolutions are in the best interests of the Company and their respective creditors.

**NOW, THEREFORE, BE IT:**

**CHAPTER 11 FILING**



**RESOLVED**, that, in the judgment of the Governing Body, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 ("Chapter 11") and Subchapter V thereof ("Subchapter V") of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the **United States Bankruptcy Court for the Northern District of Texas** (the "Bankruptcy Court") or other court of competent jurisdiction and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Chief Legal Officer, Secretary, any Executive Vice President, any Senior Vice President, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, pleadings,

1

papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

**RETENTION OF PROFESSIONALS**




**RESOLVED**, that the of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of CM Law PLLC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including the preparation and filing of any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Company in the Chapter 11 Case; and in connection therewith, the of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain CM Law PLLC;

**RESOLVED**, that the of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable; and

**RESOLVED**, that the of the Authorized Signatories, acting alone or in any combination, be, and the hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that the of the Authorized Signatories deems necessary, appropriate, or desirable in connection with the Chapter 11 Case.

**GENERAL**

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, the of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in the case as in such Authorized Signatory's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Governing Body of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

**RESOLVED**, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, adopted, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if the such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Body;

**RESOLVED**, that the of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary, appropriate, or desirable in such Authorized Signatory's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein;

**RESOLVED**, that this unanimous omnibus written consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent; and facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

SO RESOLVED AND CERTIFIED January 23, 2025:

Signed by: *Noah Seitel*

NOAH SEITEL, Member and acting Secretary    1/23/2025

Signed by: *Greg See*

GREGORY SEE, Member    1/23/2025

3

| Row Labels | |
|---|---:|
| **Assets** | **$ 1,747,735** |
|   **Current Assets** | **$ 1,270,281** |
|     Bank Accounts | $ 128,311 |
|       Pinnacle - 1367 - Operating Account | $ 125,940 |
|       Pinnacle - 2883 - Deposit Account | $ 2,371 |
|     **Accounts Receivable** | **$ 750,420** |
|       Accounts Receivable | $ 727,533 |
|       Contra A/R - Charge adjustment to net | $ (270,987) |
|       Other Receivables | $ 83,896 |
|       Allowance for Doubtful Accounts | $ - |
|       Accounts Receivable - Sales Service | $ 209,978 |
|     **Inventory** | **$ 262,640** |
|       Roswell Rd Inventory | $ 649,976 |
|       Inventory Interim | $ (461,810) |
|       Southlake Inventory | $ 74,474 |
|       In- Transit Inventory | $ - |
|     **Other Current Assets** | **$ 128,911** |
|       Unearned Revenue | $ 114,655 |
|       Security Deposit | $ 14,255 |
|   **Other Current Assets** | **$ 7,201** |
|   **Other Assets** | **$ 470,252** |
|     Fixed Assets | $ 168,587 |
|       Furniture & Fixtures | $ 49,580 |
|       Accumulated Depreciation | $ (30,983) |
|       Computer Hardware | $ 72,389 |
|       Leasehold Improvements | $ 77,600 |
|       Accumulated Amortization | $ - |
|     Intercompany Asset | $ 301,665 |
|       Due To/From - Biovotec | $ 100,000 |
|       Due To/From - Fab Five Freddy | $ 55,784 |
|       Due To/From - Summit Product Group | $ 17,653 |
|       Due To/From - Vista DME | $ 499 |
|       Due To/From - Xlta | $ 127,729 |
| **Liabilities** | **$ (6,131,200)** |
|   **Current Liabilities** | **$ (1,064,612)** |
|   **Other Current Liability** | **$ (5,066,587)** |
|     Other Current Liability | $ (5,066,587) |
|       Accrued Commission | $ (108,395) |
|       Accrued Commissions - Sales Service | $ (395,888) |
|       Accrued Expenses | $ - |
|       Reimbursement Clearing | $ (23,600) |
|       Payroll Taxes Payable | $ (25,715) |
|       Accrued Tax - Sales Service | $ - |
|       401K Payable | $ - |
|       Garnishment Payable | $ (1,400) |
|       Due To/From - Greg See | $ (2,405,025) |
|       Due To/From - Noah Sietel | $ (2,106,563) |
|   **Intercompany Liabilities** | **$ (0)** |
|     Intercompany Liabilities | $ (0) |
|       Due To/From - EPSFL | $ - |
|       Due To/From - Total Ancillary Management | $ (0) |
| **Equity** | **$ 162,828** |
|   **Equity** | **$ 162,828** |
|     Retained Earnings | $ 162,828 |
|       Retained Earnings | $ 162,828 |
|     Contributions & Distributions | $ - |
|       Paid In Capital | $ - |
| **Grand Total** | **$ (4,220,637)** |

## Income Statement

| Account Group | Name | 2024-12 | 2024 Total |
|---|---|---:|---:|
| **Revenue** | DME Revenue | $ 208,653 | $ 3,128,440 |
| | Contra Revenue - Insurance Claim Writeoffs | $ (51,585) | $ (1,462,066) |
| | Buy & Bill Revenue | $ 168 | $ 3,568 |
| | Buy & Bill w IVR Revenue | $ 37,993 | $ 199,070 |
| | Hospital Revenue | | $ 3,750 |
| | Sales Service Revenue | $ 209,978 | $ 739,366 |
| **Revenue Total** | | $ 405,207 | $ 2,612,128 |
| | | $ 405,207 | $ 2,612,128 |
| **COGS** | Product Cost | $ (31,475) | $ (486,946) |
| | Product Shipping Cost | $ (4,952) | $ (48,426) |
| | Direct Costs (should be Zero) | $ - | $ (0) |
| **COGS Total** | | $ (36,427) | $ (535,373) |
| | | $ (36,427) | $ (535,373) |
| **Payroll Expense** | Bonus Expense | $ (20,000) | $ (36,515) |
| | Commission Expense | $ 119,092 | $ (300,282) |
| | Sales Service Commission Expense | $ (141,040) | $ (508,874) |
| | Contract Labor Expense | $ (38,437) | $ (1,034,143) |
| | Employee relocation | | $ (10,132) |
| | Payroll Expense | $ (339,081) | $ (2,445,852) |
| | Payroll Processing Fees | $ 452 | $ (4,685) |
| | Payroll Tax | $ (26,853) | $ (231,603) |
| | Payroll Tax - Sales Service | $ (5,553) | $ (25,715) |
| **Payroll Expense Total** | | $ (451,418) | $ (4,597,802) |
| **Employee Benefits** | Employee Benefits | | $ - |
| | 401k Expense | $ (2,998) | $ (10,521) |
| | Health Insurance | $ (32,465) | $ (226,244) |
| **Employee Benefits Total** | | $ (35,463) | $ (236,764) |
| **Professional Fees** | Employee Recruiting Fees | | $ (73,500) |
| | Professional Fees | $ - | $ - |
| | Other Professional Fees | $ 100 | $ (13,070) |
| | Legal Fees | $ (20,253) | $ (269,658) |
| | Accounting Fees | | $ (2,100) |
| **Professional Fees Total** | | $ (20,153) | $ (358,327) |
| **Travel & Entertainment** | Airfare | $ (7,355) | $ (104,997) |
| | Auto Expense | $ (13,033) | $ (111,244) |
| | Client Meals - No provider present | $ (3,094) | $ (22,737) |
| | Gas | $ (4,853) | $ (22,337) |
| | Ground Transportation | $ (2,232) | $ (21,535) |
| | Hotel/Lodging | $ (7,298) | $ (109,378) |
| | Meals and Entertainment (100%) | $ (4,553) | $ (56,019) |
| | Provider Meals and Entertainment (50%) | $ (13,605) | $ (112,977) |
| | Travel | $ (112) | $ (70,579) |
| **Travel & Entertainment Total** | | $ (56,136) | $ (631,803) |
| **Marketing Expense** | Advertising & Marketing | $ (1,155) | $ (25,991) |
| | Samples | | $ (21,938) |
| **Marketing Expense Total** | | $ (1,155) | $ (47,928) |
| **Office Expense** | Office Supplies | $ (4,626) | $ (30,753) |
| | Shipping & Freight | $ (235) | $ (14,020) |
| **Office Expense Total** | | $ (4,861) | $ (44,773) |
| | | $ (569,186) | $ (5,917,398) |
| **Bank Fees** | Bank Fees & Service Charges | $ (2,786) | $ (10,673) |
| **Bank Fees Total** | | $ (2,786) | $ (10,673) |
| **Rent & Utilities** | Electric | $ (808) | $ (5,753) |
| | Internet & TV | | $ (995) |
| | Lease Expense | $ (19,593) | $ (145,396) |
| | Telephone expense | $ (1,099) | $ (12,803) |
| **Rent & Utilities Total** | | $ (21,500) | $ (164,947) |
| **IT Expenses** | Computer Hardware | | $ (5,880) |
| | IT Hardware | | $ - |
| | Software | $ (12,570) | $ (126,557) |
| **IT Expenses Total** | | $ (12,570) | $ (132,436) |
| **Licensing Expenses** | Business License Expense | | $ (29,751) |
| | Vendor Credentialing Expense | | $ (1,312) |
| **Licensing Expenses Total** | | | $ (31,063) |
| **Office Expense** | Cleaning Service | | $ (325) |
| **Office Expense Total** | | | $ (325) |
| **Repairs and Maintenance** | Repair and Maintenance | | $ (6,155) |
| **Repairs and Maintenance Expense Total** | | | $ (6,155) |
| **Depreciation & Amoritization** | Amortization expense | | $ - |
| | Depreciation expense | $ (2,464) | $ (30,983) |
| **Depreciation & Amoritization Total** | | $ (2,464) | $ (30,983) |
| **Other Income & Expenses** | Other expense | | $ (3,413) |
| **Other Income & Expenses Total** | | | $ (3,413) |
| | | $ (39,320) | $ (379,994) |
| | | $ (239,726) | $ (4,220,637) |

Pivotal Med Supply

State of Cash Flows

| Cash Flow Statement | Dec-24 | YTD 2024 |
|---|---|---|
| **Net Income** | $ (240,292.32) | $ (4,221,203.03) |
| Add Depreciation | $ 2,463.94 | $ 30,982.90 |
| **Operations Activities** | | |
| **Current Assets** | | |
| AR | $ (79,849.39) | $ (750,419.74) |
| Unearned Revenue | $ 45,905.45 | $ (128,910.65) |
| Inventory | $ (4,282.05) | $ (262,640.46) |
| Intercompany | $ (13,315.59) | $ (301,665.10) |
| PrePaid Expense | $ (9,199.84) | $ (7,201.44) |
| **Current Liabilities** | | |
| AP | $ (2,290.58) | $ 849,848.18 |
| AMEX | $ 17,088.79 | $ 163,241.95 |
| Health Insurance | $ 0.00 | $ (1,325.52) |
| Payroll Clearing | $ 51,156.68 | $ 55,379.32 |
| Sales tax payable | $ - | $ 309.38 |
| Other Current Liabilities | $ 21,514.26 | $ 554,998.45 |
| **Investment Activities** | | |
| Fixed Assets | $ - | $ (77,221.82) |
| **Financiing Activies** | | |
| Notes From - Greg/Noah | $ 307,973.60 | $ 4,214,877.74 |
| **Net Cash Flow** | $ 96,872.95 | $ 119,050.16 *Agrees to Change in Bank Accounts from B/S* |

Richard G. Grant
Tex. Bar No. 08302650
CM LAW PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
DEBTOR IN POSSESSION

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 25-_____-11 |
| | § | Chapter 11 (Subchapter V) |
| PIVOTAL MED SUPPLY, LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | |

**DECLARATION OF NOAH SEITEL
REGARDING VOLUNTARY PETITION
PURSUANT TO 11 U.S.C. §1116(1)(B)**

I, Noah Seitel, hereby declare under penalty of perjury as follows:

1. I am a managing member of Pivotal Med Supply, LLC, a Texas limited liability company ("PMS" and, together with the other above-captioned debtors, the "Debtors'), the debtor and debtor in possession in the above-captioned chapter 11 case. I generally am familiar with the Debtor's day-to-day operations, business and financial affairs, and books and records.

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other members of the Debtor's management team and the Debtor's advisors, my review of relevant documents and information concerning the Debtor's operations, financial affairs, and prior restructuring initiatives, and/or my opinions based upon my experience and knowledge. If called as a witness, I could and would testify competently

to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtor.

3. Attached to the Petition are the Debtor's most recent balance sheet, statement of operations and cash-flow statement.

4. No tax return has been filed solely for the Debtor. A Form 1065 has been filed with the Internal Revenue Service on a consolidated basis by a related entity and its subsidiaries. I do not believe that the Debtor should have been included in such return. In any event, such return contains confidential information regarding many non-Debtor entities. The Debtor does not have authority to attach such tax return to the Voluntary Petition. The Debtor will make such information in its possession, custody and control not subject to confidentiality obligations available subject to appropriate protective orders from the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: January 23, 2025

/s/ Noah Seitel  
Noah Seitel  
Managing Member  
Pivotal Med Supply, LLC

Signed by: Noah Seitel  
53628CA44A1D47C...  
1/23/2025